**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

14-4533

———————

IN RE:  BEVERLY OHNTRUP,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-76-cv-00742)
District Judge: Hon. Mitchell S. Goldberg

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2015

BEFORE: SHWARTZ, COWEN, AND BARRY, Circuit Judges

(Opinion Filed:  October 9, 2015)

———————

OPINION*

———————

COWEN, Circuit Judge.

Beverly Ohntrup, acting as the Administrator of the Estate of Robert Ohntrup,

Deceased, and in her own right ("Ohntrup"), appeals from the order of the United States

———————

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

District Court for the Eastern District of Pennsylvania denying her requests for additional post-judgment discovery from Intervenor Alliant Techsystems, Inc. ("ATK"). We will affirm.

## I.

In 1975, a pistol manufactured by Makina Ve Kimya Endustrisi Kurumu ("MKEK") malfunctioned, firing a bullet through Robert's hand. Robert and his wife, Beverly, filed a products liability action against the seller of the pistol (Firearms Center, Inc.) and its owners. Defendants then impleaded MKEK, which is wholly owned by the Republic of Turkey. After a bench trial, the District Court entered a final judgment holding the seller and MKEK jointly liable for $847,173.97 and obliging MKEK to indemnify the seller. MKEK appealed, and we affirmed. See Appeal of Makina Ve Kimya Endustrisi Kurumu, 760 F.2d 259 (3d Cir. 1985). The Ohntrups have tried in vain to collect their judgment. Robert died of cancer, and Beverly obtained a $16 million civil contempt judgment against MKEK. The original judgment continues to increase by ten percent every year to account for delay damages, and the contempt judgment likewise grows by $10,000 per year until MKEK complies with its discovery obligations.

In 2011, Ohntrup learned about a $16.2 million transaction between ATK, a Minneapolis-based company, and MKEK. ATK agreed to sell manufacturing components for 25 mm cannon ammunition to MKEK. She filed a motion for supplementary relief in aid of execution pursuant to Federal Rule of Civil Procedure 69(a) and Pennsylvania Rule of Civil Procedure 3118. On the recommendation of the

Magistrate Judge, the District Court denied Ohntrup's request to enjoin ATK from transferring property in its possession that MKEK owns but granted her request for post-judgment discovery. ATK produced its current agreements with MKEK as well as information on its shipments to Turkey and MKEK's finances. Ohntrup claimed that the responses were deficient, but the Magistrate Judge determined that ATK was not required to supplement its responses with specific information on future shipments. ATK was served with additional sets of discovery requests, and it moved to quash. The Magistrate Judge concluded that the discovery requests were not proper. Upon review of the Magistrate Judge's order, the District Court held that the additional discovery would constitute an undue burden under Pennsylvania Rule of Civil Procedure 4011(b) because, inter alia, "discovery may be futile if the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1330 *et seq.*, protects the components from attachment." Ohntrup v. Makina Ve Kimya Endustrisi Kurumu, 760 F.3d 290, 296 (3d Cir. 2014).

Ohntrup appealed. We vacated the District Court's order on the grounds that it "improperly considered the possibility that discovery might be futile without determining whether that was in fact the case." Id. We accordingly remanded the case so that the District Court "may analyze the question anew." Id. "[I]f MKEK's munitions manufacturing components are immune from attachment, then the District Court should deny Ohntrup's discovery request 'because information that could not possibly lead to executable assets is simply not "relevant" to execution in the first place.'" Id. at 296-97 (quoting Republic of Arg. v. NML Capital, Ltd., 134 S. Ct. 2250, 2257 (2014)). In other

3

words, "if [ATK] can persuade the District Court that Ohntrup cannot attach the targeted property, then Ohntrup's discovery would be irrelevant under [Pa. R. Civ. P.] 4011(c)." Id. at 297. If the District Court determines that the property is not immune, this determination would obviously weigh in favor of Ohntrup. Id. "Finally, if the District Court chooses not to decide whether the targeted property is subject to attachment or lacks sufficient information to reach a definitive conclusion on the issue before discovery, any speculation in that regard should not be a factor in the Court's unreasonable burden analysis." Id. (citing NML Capital, 134 S. Ct. at 2257-58).

On remand, ATK was served with updated discovery requests, and it, once again, objected to the requests. The District Court ruled in favor of ATK. In its order, the District Court explained that, "[f]or the reasons stated on the record at the October 23, 2014 hearing, the targeted property falls within the [FSIA] military property exception to execution immunity." (A3.)

## II.

Subject to certain exceptions, the FSIA grants jurisdictional and execution immunity to foreign states as well as their agencies and instrumentalities.[1] See 28 U.S.C. §§ 1604, 1609. Although there is an exception to execution immunity for commercial property, see 28 U.S.C. § 1610, the statutory scheme provides that, notwithstanding this

---

[1] The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. See, e.g., Ohntrup, 760 F.3d at 294 ("We join those courts in holding that a judgment creditor may appeal from the denial of discovery in aid of execution."). The Court reviews a district court's order denying discovery for an abuse of discretion. See, e.g., id. at 296.

exception, the property is immune from attachment and execution if:

>(2) the property is, or is intended to be, used in connection with a military activity and

>>(A) is of a military character, or

>>(B) is under the control of a military authority or defense agency.

28 U.S.C. § 1611(b)(2). The parties agree that it was ATK's burden to show, by a preponderance of the evidence, that the property at issue here is immune under this "military property" exception.

Complying with our mandate, the District Court appropriately determined that ATK satisfied this burden. Gregory Just, ATK's contracts manager, testified that the manufacturing components are unique to, and can only be used for, the manufacture of 25 mm cannon ammunition. ATK also presented evidence (including video footage showing the ammunition being fired by cannons mounted on a ship, carrier aircraft, and a Bradley Fighting Vehicle) indicating that this ammunition is much larger than the kinds of ammunition used for civilian purposes like hunting and that it has no civilian uses. As the District Court aptly explained, "a 25 millimeter instrument of war that's used to pierce" tank armor is not used "for hunting" or similar activities. (A636.) Federal law further requires ATK to satisfy an extensive review process in order to export the property to MKEK. For instance, it had to obtain a manufacturing license agreement, i.e., "[a]n agreement (e.g., contract) whereby a U.S. person grants a foreign person an authorization to manufacture defense articles abroad." 22 C.F.R. § 120.21. The State Department notified Congress of a proposed agreement "for the manufacture of

5

significant military equipment abroad," involving the export of defense articles for the continued manufacture of ammunition and components "for sale to the Turkish Ministry of Defense, as well as buyers in the approved sales territory." (A205-A209.) MKEK also certified—in the required DSP-83 ("Nontransfer and Use Certificate") forms—that it is the "end-user of the articles/data" and that it "will not re-export, resell or otherwise dispose of any of those articles/data" outside the identified country (Turkey) or to any other person unless it receives prior written approval from the State Department.[2] (A375, A438.)

According to Ohntrup, the District Court failed to comply with this Court's mandate and abused its discretion by basing its determination on "speculation and insufficient evidence." (Appellant's Brief at 17.) Ohntrup focuses on ATK's alleged concession that it has no proof of what is done with the property it sells to MKEK. Just acknowledged that, aside from the DSP-83 certifications, "you don't know once it's in their hands what happens to it." (A606). The FSIA, however, does not require ATK to prove with absolute certainty what will happen to the property once it is in the possession of a foreign sovereign entity. Likewise, even if the party seeking discovery was able to present some evidence arguably indicating that the property does not fall under the

---

[2] Ohntrup objects to the District Court's admission of the DSP-83s, arguing that they are hearsay and do not qualify for the business records exception. Because we can confidently conclude that the "military property" exception applies here without considering these documents, we need not address this issue—which, incidentally, was raised by Ohntrup in her opening brief only in passing. Even assuming the rules of evidence strictly apply in post-judgment discovery proceedings and the documents constitute inadmissible hearsay, their admission was harmless given the other evidence

"military property" exception (e.g., an MKEK catalog categorizing 25 mm cannon ammunition as "heavy weapons ammunition" and stating that MKEK's "Heavy Weapons Factory is ready to meet all domestic and international demand in military or civilian projects" (A147)), this does not necessarily mean that the district court thereby abused its discretion by finding that the other party established by a preponderance of the evidence that the property is intended to be used in connection with military activities. Like Ohntrup—who unfortunately has been unable to collect the judgments entered against MKEK—ATK cannot compel this foreign entity to offer evidence in this discovery dispute. Given the evidence presented by ATK, we conclude that the District Court neither abused its discretion by determining that ATK met its burden nor improperly relied on speculation in making this determination.

III.

For the foregoing reasons, we will affirm the order of the District Court.

---

concerning the intended use of the property.

7